Treat, C. J. This was an action of assumpsit brought by-Salisbury against the owners of the steamer Pacific, to recover compensation for services performed as master of the vessel. It appeared in evidence, that he commanded the boat during the year 1848. From May until October, she ran between Detroit and Buffalo; during the months of October and November, between Chicago, St. Joseph and Milwaukee. The defendants attempted to show in mitigation of damages, that the plaintiff exhibited a want of skill in conducting the vessel. A witness testified, that he did not manage the boat well, particularly in. going in and out of harbors. The defendants called a witness, who testified, that he was harbor master of the port of Chicago during the year 1848; that he had a good deal of knowledge of vessels, and knew something of sailing them, but did not understand the science of navigation, and was not a practical sailor. They then asked him, “How did the plaintiff manage the Pacific, in coming in and going out of the Chicago harbor?” The plaintiff objected to the question, on the ground that the witness was incompetent from the want of knowledge of navigation. The Court sustained the objection, and the defendants excepted. The mode in which the plaintiff managed the boat, was a material inquiry on the trial. ■ The value of his services depended chiefly on the manner in which he discharged his duties as master. Any evidence, therefore, that tended to show negligence or unskillfulness on Ms part, was properly admissible in mitigation of damages. In this point of view, the Court erred in excluding the testimony of the harbor master. The interrogatory did not necessarily call for the opinion of the witness. It was clearly competent for him to state any facts within his knowledge respecting the management of the vessel. And, we think, his opinion, in connection with such facts, was admissible. He was charged with the execution of the harbor regulations. In the exercise of Ms duties, he necessarily became familiar with the character and condition of the harbor, and the manner in which vessels were brought into and taken out of port. His position would enable him. to detect any want of skill in the management of a particular vessel. If he witnessed the operations of the Pacific, while - entering and departing from the harbor, his opinion might go as far to enlighten the jury, as that of a professional seaman founded upon facts detailed by witnesses. It might, indeed, from the circumstances in which he was placed, be entitled to greater weight, than the mei'e opinion of an experienced navigator having no personal knowledge of the facts He should have been permitted to state the facts that came under Ms notice respecting the management of the vessel, and his opinion whether that management was skillful or unskillful. The question was relevant to a material issue in the case, and the answer might have had a controlling influence on the verdict. The ruling of the Court was erroneous, and, as it may have operated to the prejudice of the defendants, the judgment will be reversed, and the cau-se remanded. - Judgment reversed.